[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16963
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00013-GKS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AIRAMIS J. WILLIAMS,
a.k.a. Demp,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2017)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On January 20, 2016, a sealed indictment was returned against Airamis J. Williams for possession of a firearm, a Davis Industries .22 caliber revolver, by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He was arraigned on April 11, 2016 following his arrest, and pled guilty to the charge on July 11, 2016.  The District Court subsequently sentenced Williams to prison for 110 months, a sentence below the Guidelines sentence range.  He appeals the sentence on the grounds (1) that the District Court erred in enhancing his base offense levels under U.S.S.G. § 2K2.1(b)(1)(A) for possession of three firearms and under U.S.S.G. § 2K2.1(b)(4)(A) because one of the firearms was stolen; (2) that his sentence is procedurally and substantively unreasonable; and (3) that § 922(g) is unconstitutional facially and as applied.  We affirm.

I.

These are the events that led to Williams' indictment and sentence.   In June 2015, a confidential informant ("CI") entered Williams' residence to purchase marijuana and a gun.  Williams offered to sell him a .380 caliber revolver and a pocket-sized pistol, but the CI wanted a Davis Industries .22 caliber revolver, which Williams did not have at the moment.  The CI returned a week later and observed a bag of marijuana and a .357 caliber revolver on Williams' kitchen counter.  The CI bought an ounce of the marijuana and left. The CI went back the

2

next week intending to buy the .357 revolver and marijuana.  He observed several pounds of marijuana, bought an ounce and left.

On July 30, 2015, based on the CI's report of seeing large quantities of cocaine, marijuana, other drugs and a number of firearms at Williams's residence, the Orange County Sheriff's office went there with a search warrant and seized drugs and a Springfield Armory .40 caliber pistol.  The pistol had been reported stolen in 2014.

On March 6, 2016, several weeks following Williams' indictment but prior to his arrest, the Orlando police, acting on a tip that Williams was selling drugs from a new residence he was occupying, executed a search warrant and seized drugs and a loaded Springfield Armory .45 caliber pistol.

## II.

U.S.S.G. § 2K2.1(b)(1)(A) provides for a two-level increase of the base offense level if the defendant possessed three to seven firearms.  Only firearms such as those depicted above, that were "unlawfully sought to be obtained, *unlawfully possessed*, or unlawfully distributed" are counted under § 2K2.1(b) (emphasis added).  U.S.S.G. § 2K2.1(b)(1), comment., n.5.  Under U.S.S.G. § 1B1.3(a), specific offense characteristics are determined based on all acts and omissions by the defendant in relation to the subject offense, here a violation of 18 U.S.C. § 922(g).  For firearm-related offenses falling under § 2K2.1, relevant

3

conduct includes all acts and omissions that were part of "the same course of conduct or common scheme or plan as the offense of conviction," i.e., 18 U.S.C. § 922(g) in this case. U.S.S.G. § 1B1.3(a)(2). For multiple events, such as those depicted in Part I above, to form a common scheme or plan, they must be "substantially connected to each other by at least one common factor, such as . . . [a] common purpose, or similar modus operandi." U.S.S.G. § 1B1.3, comment., n.5(B)(i). In evaluating whether multiple firearm possessions meet this test, a sentencing court considers "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and time intervals between the offenses." *United States v. Fuentes,* 107 F.3d 1515, 1525 (11th Cir. 1997) (quoting U.S.S.G. § 1B1.3, comment., n.9(B)) .

As for "similarity," Williams possessed all three firearms as a felon in possession in violation of § 922(g). As to regularity, as the presentence investigation report ("PSI") indicates, Williams regularly sold drugs and firearms out of his residence. Regarding temporal proximity, less than two months passed between the possession of the first firearm on June 9, 2015, and the second firearm on July 30, 2015. The nine-month interval between the first and last possession on March 6, 2016, is longer, but not so long as to warrant a conclusion that the last possession was separate from the first possession. The Court's finding, albeit

4

implicit, that Williams possessed the three guns in the same course of conduct does not amount to clear error.

Section 2K2.1(b)(4)(A) provides for a two-level enhancement if the firearm was stolen. We find no clear error in the Court's application of the enhancement because the PSI established that the Springfield Armory .40 caliber pistol was stolen.

## II.

Williams argues that his sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, which "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). The first step in reviewing the reasonableness of a sentence is to assess whether the sentence is procedurally reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). We determine whether "the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.*

As to the court's explanation for the sentence, the court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments

5

and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (quotation omitted). In a case such as this one, where the District Court imposes a sentence within the Guidelines sentence range, "doing so will not necessarily require lengthy explanation." *Rita*, 551 U.S. at 356. Moreover, when a district court considers the 18 U.S.C. § 3553(a) factors, it need not state on the record that it has explicitly considered each of the § 3553(a) factors, or discuss the role that each played in the sentencing decision. *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." *Id.* (quoting *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam)).

Substantive reasonableness review seeks to evaluate "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Talley*, 431 F.3d at 788. The court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(D). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the

6

applicable guidelines range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)–(7). The weight given to any specific § 3553(a) factor is committed to the "sound discretion" of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotations omitted).

While we have not adopted a presumption of reasonableness for sentences within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have stated that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Docampo*, 573 F.3d at 1101 (quotations omitted). Moreover, a sentence imposed "well below" the statutory maximum penalty is an indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Williams has not shown that his sentence, imposed at the low-end of the Guidelines range, was procedurally unreasonable. First, the record does not show that the Court concluded that the Guidelines were presumptively valid. In addition, the Court stated that it had considered the § 3553(a) factors and adequately explained the reasons for the sentence, namely Williams's extensive criminal history. Moreover, the record belies Williams's assertion that the Court did not consider mitigating factors.

Williams also does not demonstrate that his sentence was substantively unreasonable in light of the record and § 3553(a)'s sentencing objectives. The sentence of 110 months' imprisonment falls within the Guidelines sentence range and below the statutory maximum sentence, which indicates reasonableness. *See Docampo*, 573 F.3d at 1101; *Gonzalez*, 550 F.3d at 1324. Furthermore, the sentence reasonably meets the sentencing goals of § 3553(a)(2) in light of the totality of the circumstances. As the Court noted, Williams had an extensive criminal history, with 13 prior arrests and a criminal history category of VI. While Williams asserts that he presented mitigating arguments and faults the Court for not imposing a lower sentence based on those arguments; the weight to be given a particular factor is within the discretion of the court. *See Clay*, 483 F.3d at 743. It was also within the court's discretion to decide that Williams's mitigating arguments were unconvincing.

Lastly, Williams argues that his conviction should be vacated because 18 U.S.C. § 922(g) is facially unconstitutional because it exceeds Congress's authority under the Commerce Clause, and is unconstitutional as applied to his possession of firearms. The problem with his argument is that it is foreclosed by precedent. In *United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010), we held that § 922(g) is not constitutionally invalid under the Commerce Clause. We also rejected the defendant's argument that § 922(g) was unconstitutional as applied to

8

him because mere possession of a firearm does not substantially effect interstate commerce.

**AFFIRMED.**